# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY and ACE PROPERTY AND CASUALTY INSURANCE COMPANY, | § § No. 282, 2025 § § Court Below: Superior Court § of the State of Delaware § |
| Defendants Below, Appellants, | § § C.A. No. N23C-01-042 (CCLD) § |
| v. | § § |
| MATTEL, INC. and FISHER-PRICE, INC., | § § § |
| Plaintiffs Below, Appellees, | § § § |
| v. | § § § |
| ASPEN INSURANCE UK, LTD., GREAT AMERICAN ASSURANCE CO., and STARR INDEMNITY & LIABILITY CO., | § § § § § § |
| Defendants Below, Appellees. | § |

Submitted: July 17, 2025
Decided:    August 28, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## <u>ORDER</u>

After consideration of the notice and supplemental notice of appeal from interlocutory orders, the notices of conditional cross-appeal, and the documents attached thereto, it appears to the Court that:

(1)     In this action, Mattel, Inc. and Fisher Price, Inc. (collectively, "Mattel") seek a determination as to insurance coverage for products liability actions alleging that infants suffered bodily injury or death while using Mattel's Rock 'n Play Sleeper product (the "RNPS Claims").  Ace American Insurance Company and Ace Property & Casualty Insurance Company (collectively, "Chubb") have petitioned this Court to accept an appeal from a memorandum opinion dated March 28, 2025 (the "Memorandum Opinion")[1] and a letter decision dated June 2, 2025 (the "Letter Decision").[2]  The Memorandum Opinion and Letter Decision resolved motions for summary judgment that asked the Superior Court to determine how the RNPS Claims should be allocated across nine years of Mattel's insurance coverage towers.

(2)     In the Memorandum Opinion, the court found that the RNPS Claims constitute a single "occurrence" under the relevant policies and that the claims should be allocated by the year in which the injury occurred for those policies above the primary level.  The court also determined that Great American has a duty to defend Mattel for claims allocated to 2013.  The court reserved decision as to certain

---

[1] *Mattel, Inc. v. XL Ins. Am., Inc.*, 2025 WL 948008 (Del. Super. Ct. Mar. 28, 2025).

[2] *Mattel, Inc. v. XL Ins. Am., Inc.*, 2025 WL 1555403 (Del. Super. Ct. June 2, 2025).
     National Union Fire Insurance Company of Pittsburgh, PA. filed a notice of interlocutory appeal from the Letter Decision against Mattel, Great American Assurance Company ("Great American"), and Aspen Insurance UK, Ltd.  *See* Appeal No. 281, 2025 (the "National Union Appeal").  In this appeal filed by Chubb, National Union has filed a notice of cross-appeal in which it asks the Court to accept a cross-appeal here if the Court refuses the National Union Appeal but accepts Chubb's appeal.  Great American has filed a "Notice of Conditional Cross-Appeal," in which it asserts that Chubb's appeal should be refused but requests that, if the Court accepts Chubb's appeal, the Court also accept a cross-appeal from Great American.

2

issues, including the "Corridor Retention Endorsements" in the umbrella policies that form the second layer of the tower; the "Trailing Retention Endorsements" in the umbrella policies issued by Chubb; and whether National Union's policy incorporated the "Lot or Batch Clause Endorsement" set forth in the primary policies.[3]

(3)     The Letter Decision resolved the reserved issues.  Based on its prior determination that all of the RNPS Claims constitute a single occurrence under the policies, the court found that, under the umbrella policies' Corridor Retention Endorsements, Mattel "is responsible for one single Corridor Retention amount ($2,000,000) that applies to every Policy."[4]  The court held that a genuine issue of material fact existed as to whether National Union's 2011 umbrella policy fully incorporated the Lot or Batch Clause Endorsement, including the "Deemer Clause," from the underlying policy.[5]

(4)     Chubb moved for entry of partial final judgment or, in the alternative, certification of an interlocutory appeal.[6]  Chubb argued that the Superior Court determined a substantial issue of material importance.  As to the Rule 42(b)(iii) considerations, it argued that interlocutory review may terminate the litigation[7] and

---

[3] *Mattel*, 2025 WL 948008, at *12.
[4] *Mattel*, 2025 WL 1555403, at *1.
[5] *Id.* at *3.
[6] Endurance Risk Solutions Assurance Co. and XL Insurance America, Inc. joined in Chubb's motion.
[7] DEL. SUPR. CT. R. 42(b)(iii)(G).

3

would serve considerations of justice.[8]  Mattel and Great American opposed the motion.[9]

(5)    The Superior Court declined to certify an interlocutory appeal.[10]  The court concluded that the opinions did not decide a substantial issue of material importance that merits review before a final judgment.[11]

(6)    Applications for interlocutory review are addressed to the sound discretion of this Court.[12]  We have concluded, in the exercise of our discretion, that the interlocutory appeal should be refused.  Although the Superior Court decided substantial issues of material importance to the merits of this insurance-coverage dispute, they do not merit interlocutory review.[13]  Chubb concedes that issues would remain for trial even if it prevailed on interlocutory appeal; interlocutory review therefore would not terminate the litigation.[14]  We also find no considerations of justice that merit appeal before a final judgment.[15]  Trial is scheduled for April 2026, and Chubb has identified neither a need for urgent resolution nor any irreparable harm that will arise from awaiting final resolution of the case in the trial court.

---

[8] *Id.* R. 42(b)(iii)(H).
[9] American Guarantee and Liability Insurance Company joined in Great American's opposition.
[10] *Mattel, Inc. v. XL Ins. Am., Inc.*, 2025 WL 1894998 (Del. Super. Ct. July 9, 2025).  The court also denied the request for entry of a partial final judgment.
[11] *Id.* at *4.
[12] DEL. SUPR. CT. R. 42(d)(v).
[13] *Id.* R. 42(b)(i).
[14] *Id.* R. 42(b)(iii)(G).
[15] *Id.* R. 42(b)(iii)(H).

Exceptional circumstances that would merit interlocutory review of the Superior Court's decision do not exist,[16] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[17]   Piecemeal appeals will not promote efficiency or considerations of justice in the circumstances of this case.

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[16] *Id.* R. 42(b)(ii).

[17] *Id.* R. 42(b)(iii).  Because we refuse Chubb's appeal, National Union's and Great American's cross-appeals also will not proceed.  *See supra* note 2 (discussing notices of conditional cross-appeal).